**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

JEFFERY GREEN,

    Plaintiff,

v.

ALLY FINANCIAL INC. dba OLLO; and EQUIFAX INFORMATION SERVICES, LLC,

    Defendants.

Case No.: 1:23-cv-261

**Complaint for Damages:**
    **Violation of Fair Credit Reporting Act**

Plaintiff, Jeffery Green, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Hamilton, Tennessee.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, Ally Financial Inc. dba Ollo ("Ally") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Tennessee.

5. At all times pertinent hereto, Defendant Ally is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term

is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant Ally was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant Ally is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in Tennessee.

9. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Tennessee.

10. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.  JURISDICTION AND VENUE

13. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Hamilton County, Tennessee and Defendants do business in Tennessee.

15. Personal jurisdiction exists over Defendants as Plaintiff resides in Tennessee, Defendants have the necessary minimum contacts with the state of Tennessee, and this suit arises out of specific conduct with Plaintiff in Tennessee.

### IV.  FACTUAL ALLEGATIONS

16. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Ally and Equifax (collectively, "Defendants"), and has suffered

particularized and concrete harm.

17. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

18. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

20. Plaintiff discovered an Ally account ALLY last four -3051 (the "Account") reporting on his Equifax credit report in error.

21. The Account reports a late balance due and owing with a derogatory status in error.

22. Ally sold the Account to Midland Credit Management.

23. During the course of repayment of the Account, Plaintiff's agent ClearOne Advantage entered into a settlement agreement with Ally's successor in interest Midland Credit Management for full and final settlement of Plaintiff's obligation with respect to the Account.

24. In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on the Account, Defendant Ally continued, erroneously, to report a balance due and owing with derogatory late payment status on the Account to Equifax.

25. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

26. On or about August 22, 2023, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

27. On or about August 22, 2023, Plaintiff sent a written dispute to Experian, disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

28. Experian deleted the erroneous information associated with the Account.

29. Upon information and belief Equifax forwarded Plaintiff's Equifax Dispute to Defendant Ally.

30. Upon information and belief, Ally received notification of Plaintiff's Equifax Dispute from Equifax.

31. Upon information and belief, Ally verified the erroneous information associated with the Account to Equifax.

32. Ally failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

33. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

34. Upon information and belief, Ally failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

35. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Equifax Dispute.

36. At no point after receiving the Equifax Dispute did Ally and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

37. Equifax relied on their own judgment and the information provided to them by Ally rather than grant credence to the information provided by Plaintiff.

38. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

39. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

40. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

41. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

42. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

43. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

47. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully

set forth herein.

48. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

49. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

50. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – ALLY
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

54. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

55. After receiving the Equifax Dispute, Ally failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

56. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Ally's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond

to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Ally's representations to consumer credit reporting agencies, among other unlawful conduct.

57. As a result of this conduct, action, and inaction of Defendant Ally, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58. Defendant Ally's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

59. In the alternative, Defendant Ally was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

60. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Ally pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Trial by jury;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in

the circumstances.

Respectfully submitted November 13, 2023.

*/s/ Roy Steve Merritt*
Roy Steve Merritt, Esq.
The Law Office of Roy Steve Merritt
609 Geno Circle
Maryville, TN 37803
Telephone: 865-983-7636
Fax: 865-207-6454
stevem@smerrittlaw.com
Attorney for Plaintiff